RECEIVED

SEP 12 2013

Legal Programs Department

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED   SEP. 12 2013

WILLIAM W. BLEVINS
CLERK

SCANNED at LSP and Emailed
9/12/13 by CM . 24 pages
date      initials   No.

United States District Court
Eastern District of Louisiana

Louie M. Schexnayder, Jr.      Civil Action
versus                          No. 99 - 93
N. Burl Cain                    Section: B (4)

MOTION TO ALTER OR AMEND
JUDGEMENT, F.R.C.P. 59 (e)

"Any motion to alter or amend a Judgement shall be filed no later than 10 day's after entry of the judgement."

On September 6, 2013 this Honorable Court denied Plaintiffs Rule 60 (b) Motion for Relief from Judgement as a successive habeas petition pursuant to the ("AEDPA") of 1996.

1 OF 3

TENDERED FOR FILING

SEP 12 2013

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

___ Fee
___ Process
_X_ Dktd
_X_ CtRmDep
___ Doc. No.

Plaintiff prays that this Honorable
Court alter or amend its "Order
and Reasons" denying his Rule 60(b)
Motion for the following reasons:

1.

Plaintiff avers that this Honorable
Courts denial of his April 13, 2000
habeas was the result of Fraud
committed upon it by the State
Courts. (See, "Minutes of the EN Banc
Meeting of the Judges of the Fifth
Circuit Court of Appeal, Tuesday,
February 8, 1994," see Pre-Fabricated
list of rulings 1-15, see Fraudulent
judgements by Louisiana Fifth Circuit
Court of Appeal 5/11/98, 8/27/97,
1/18/96, 6/19/96, 10/18/95, 12/8/95,
see Mr. Petersons two suicide
letters, all of the above are attached).

2

2.

Plaintiff prays that this Honorable
Court alter or amend its "Order
and Reasons" denying his rule 60(b)
Motion allowing Plaintiff to
re-submit, and/or alter or amend
his "Independent Action For Relief
From Judgement Rule 60(b)" motion
strictly pursuant to Federal Rule
60(b), (3), (4) and (6), Federal Rule
60(d), (i) and (3). Plaintiff did pray
to amend in his original Rule 60(b)
Motion and believes he should be
afforded that opportunity. Plaintiff
prays for 60 days to alter or amend.

24 pages.          Respectfully Submitted - 9/11/13
total               Louie M. Schexnayder, Jr
                    Louie M. Schexnayder, Jr.
                    #108097 - Spruce - 2
                    Louisiana State Prison
                    Angola, La. 70712

Plaintiff is serving the State.
                    3

<u>MINUTES</u>

MINUTES OF THE EN BANC MEETING OF THE JUDGES OF THE FIFTH CIRCUIT
COURT OF APPEAL, TUESDAY, FEBRUARY 8, 1994.

Present:   Chief Judge Thomas J. Kliebert
           Judges:

                    H. Charles Gaudin
                    Edward A. Dufresne, Jr.
                    Thomas C. Wicker, Jr.
                    Sol Gothard
                    James L. Cannella

We discussed, at considerable length, the status of our
computer system. Daniel Clavier, a computer expert, was in
attendance, as were Peter Fitzgerald and Jerry Peterson. Clavier
said that we currently have a mixture (by type and age) of
computers and he made various recommendations outlined in the
attached letter dated February 7, 1994. The Chief Judge was
authorized to proceed with the upgrading of our system, including
but not limited to Clavier's recommendations and the purchase of
hardware and software, personnel training, installation of
equipment, maintenance contracts for equipment, and to use fee
funds or appropriate funds as necessary to accomplish the
upgrading.

Effective immediately, Judge Dufresne will handle all pro se
writ applications and will not be included in the handling of
regular writ applications. Special or unusual pro se
applications will be submitted to a regular panel.

We adopted the following court rule: An appeal will not be
placed on any docket until the appellant's brief has been
received.

We approved (1) the rental of a Xerox 5065 copier for the
court and (2) the purchase of a two-way radio for Bernard
Saladino.

Next meeting:  March 15, 1994.

*Evid. 10*

1. Based on the district court's representation that relator's record does not contain a motion to correct illegal sentence filed on or about August 20, 1994, this writ application is denied.

2. On the presentation, the application discloses no error in the trial court's ruling of _____, 1995, on relator's application for post conviction relief. Accordingly, this writ application is denied.

3. Based on this application, relator has not yet obtained a ruling from the district court on his motion to correct an illegal sentence. Accordingly, the writ application presents nothing for this court to review and is therefore denied.

4. On March 28, 1995, the trial court ruled on relator's Motion for Production of Documents. Accordingly this writ application is denied as moot.

5. This application is transferred to the 24th Judicial District Court for consideration and action.

6. The district court represents that a copy of relator's transcript was forwarded to him by certified mail on March 27, 1995. Accordingly, this writ application is denied as moot.

7. On the presentation made, relator appears to raise claims previously asserted in his application for post-conviction relief denied by the district court on March 22, 1994. Accordingly, this writ application is denied.

8. Based on the district court's representation that the requested transcript was filed by the court reporter on February 13, 1995, and was forwarded by certified mail to relator on February 23, 1995, this writ application is denied as moot.

9. Relator has an appeal pending before this court and the district court is therefore without jurisdiction to entertain his motion for production of documents. Accordingly, this writ application is denied.

10. Relator's application in the district court was filed after the prescriptive period established by La. C.Cr.P. art. 930.8 had expired. The district court was therefore precluded from considering relator's application. Accordingly, this writ application is denied.

11. East Baton Rouge Parish is the proper venue for claims contesting computation of sentence asserted by individuals committed to the Department of Public Safety and Corrections. LSA-R.S 15:571.15. Accordingly, this writ application is denied.

12. The actions of the District Attorney's office, in writing to relator to advise him of the cost of copying documents and to allow review of the record by any agent of relator, constitutes sufficient compliance with LSA-R.S. 44:32, which requires that the custodian of public records is only required to provide access to the record and copies of documents requested and does not require the custodian to provide to relator all non-privileged information without cost. Accordingly, the trial court's ruling of July 7, 1994, was correct and this writ application is denied.

13. Contrary to relator's allegation in this writ application, the trial court's ruling of April 18, 1995, grants the relief sought in his previously filed motion for production of the boykin examination and sentencing transcript. Consequently, this writ application is denied.

14. The application fails to disclose that relator sought relief in the trial court prior to applying for relief in this court. Accordingly, this writ application is denied.

15. WRIT GRANTED. The district court's _____, 1997 denial of relator's motion for production of documents is set aside and the matter is remanded to the district court for reconsideration of relator's motion in light of State ex rel. Bernard v. Crim. Dist. Court, 94-2247 (La. 4/28/95), 653 So.2d 1174 and State ex rel. Simmons v. State, 93-0375 (La. 12/16/94), 647 So.2d 1094.

*Evid. 4*

*Application For Writs*

# No. '98-KH-466

## COURT OF APPEAL, FIFTH CIRCUIT

## STATE OF LOUISIANA

MAY - 1 1998

*[signature]* Clerk

### LOUIE M. SCHEXNAYDER

VERSUS

STATE OF LOUISIANA

IN RE    LOUIE M. SCHEXNAYDER

APPLYING FOR   WRIT OF MANDAMUS FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON, STATE OF LOUISIANA; NUMBER 94-6099, DIRECTED TO THE HONORABLE SUSAN M. CHEHARDY, JUDGE, DIVISION "N".

**Attorneys for Relator:**

Louie M. Schexnayder
#108097 Cypress - 4
Louisiana State Prison
Angola, LA 70712

**Attorneys for Respondent:**

Mr. Terry M. Boudreaux
Assistant District Attorney
5ᵗʰ Floor-Gretna Courthouse Annex
Gretna, Louisiana 70053
(504) 368-1020

### WRIT DENIED

On the presentation, the application discloses no error in the trial court's ruling of April 15, 1998, on relator's application for post conviction relief. Accordingly, this writ application is denied.

Gretna, Louisiana, this 11th day of May 1998.

JUDGE EDWARD A. DUFRESNE, JR.
JUDGE CHARLES GRISBAUM, JR.
JUDGE JAMES L. CANNELLA

*1 st*
*post*

FOR THE COURT:

*[signature]*
JUDGE EDWARD A. DUFRESNE, JR.

**A TRUE COPY**

GRETNA, MAY 11 1998

*[signature]* CLERK
COURT OF APPEAL, FIFTH CIRCUIT

*Application For Writs*

No. '97-KH-734

# COURT OF APPEAL, FIFTH CIRCUIT

# STATE OF LOUISIANA

JUL 2 9 1997

_____
                                    Clerk

STATE OF LOUISIANA

VERSUS

LOUIE SCHEXNAYDER, JR.

IN RE: LOUIE SCHEXNAYDER, JR.

APPLYING FOR WRIT OF MANDAMUS FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, NUMBER 94-6099, DIRECTED TO THE HONORABLE SUSAN A. CHEHARDY, DIVISION "N"

**Attorneys for Relator:**

Mr. Louie M. Schexnayder, Jr.
#108097-Cypress-4
Louisiana State Prison
Angola, Louisiana 70712

**Attorneys for Respondent:**

Mr. Terry M. Boudreaux
Assistant District Attorney
5th Floor-Gretna Courthouse Annex
Gretna, Louisiana 70053
(504) 368-1020

**WRIT DENIED**

On August 4, 1997, the trial court ruled on relator's Motion for Document Production. Accordingly this writ application is denied as moot.

Gretna, Louisiana, this 27th day of August, 1997.

JUDGE EDWARD A. DUFRESNE, JR.
JUDGE CHARLES GRISBAUM, JR.
JUDGE JAMES L. CANNELLA

FOR THE COURT:

JUDGE EDWARD A. DUFRESNE, JR.

*Exhibit-E*

**A TRUE COPY**
AUG 27 1997
GRETNA                          19
                                    CLERK
COURT OF APPEAL, FIFTH CIRCUIT

*Application F Writs*

## No. '96-KH-20

# COURT OF APPEAL, FIFTH CIRCUIT

# STATE OF LOUISIANA

JAN 1 0 1996

_____ Clerk

LOUIE SCHEXNAYDER

VERSUS

SUSAN M. CHEHARDY, JUDGE, 24TH J.D.C.

In Re  LOUIE SCHEXNAYDER

Applying for  WRIT OF MANDAMUS DIRECTED TO THE HONORABLE SUSAN M. CHEHARDY,
TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA,
NUMBER 94-6099

Mr. Louie Schexnayder
162609
Jefferson Parish Correction Center  4BL
P.O. Box 388
Gretna, Louisiana  70053

**Attorneys for Relator**

Mr. Terry M. Boudreaux
Assistant District Attorney
5th Floor - Gretna Courthouse Annex
Gretna, Louisiana  70053

(504) 368-1020    **Attorneys for Respondent**

WRIT DENIED

This application seeks the same
relief denied by this court in
relator's previous writ
application, No. 95-KH-949.
Accordingly, this writ
application is denied.

Gretna, Louisiana, this 18th
day of January, 1996.

JUDGE EDWARD A. DUFRESNE, JR.
JUDGE CHARLES GRISBAUM, JR.
JUDGE JAMES L. CANNELLA

FOR THE COURT:

_____
JUDGE EDWARD A. DUFRESNE, JR.

**A TRUE COPY**

GRETNA    JAN 18 1996

_____ CLERK
COURT OF APPEAL FIFTH CIRCUIT

# Application for Writs

## No. '96-KH-488

## COURT OF APPEAL, FIFTH CIRCUIT

## STATE OF LOUISIANA

JUN - 6 1996

_____ Clerk

STATE OF LOUISIANA

VERSUS

LOUIE SCHEXNAYDER

In Re   LOUIE SCHEXNAYDER

Applying for   POST CONVICTION RELIEF FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
FOR THE PARISH OF JEFFERSON, STATE OF LOUISIANA, NUMBER 94-6099, DIRECTED TO THE
HONORABLE SUSAN M. CHEHARDY, JUDGE, DIVISION "N"

Louis Schexnayder #108097
Hickory-2 Main Prison
Louisiana State Penitentiary
Angola, LA 70712

Mr. Terry M. Boudreaux   Attorneys for Relator
Assistant District Attorney
Fifth Floor - Annex Bldg.
New Gretna Courthouse
Gretna, LA 70053
(504) 368-1020

Attorneys for Respondent

WRIT DENIED

Relator's counsel for this appeal,
pending as No. 96-KA-98 on the
docket of this court, has been
provided the duplicate copy of the
record for appeal preparation
purposes. Relator is not entitled
to multiple free copies of the
record, and this writ application
is therefore denied.

Gretna, Louisiana, this 19th
day of June , 1996.

JUDGE EDWARD A. DUFRESNE, JR.
JUDGE CHARLES GRISBAUM, JR.
JUDGE JAMES L. CANNELLA

FOR THE COURT:

_____
JUDGE EDWARD A. DUFRESNE, JR.

A TRUE COPY
JUN 19 1996
GRETNA                     19
_____ CLERK
COURT OF APPEAL, FIFTH CIRCUIT

EXHIBIT-A

*Application F - Writs*

No. '95 - H- 949

# COURT OF APPEAL, FIFTH CIRCUIT

## STATE OF LOUISIANA

NOV - 8 1995

_____ Clerk

LOUIE SCHEXNAYDER

### VERSUS

SUSAN M. CHEHARDY, JUDGE 24TH J.D.C.

In Re   LOUIE SCHEXNAYDER

Applying for WRIT OF MANDAMUS FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT FOR

THE PARISH OF JEFFERSON, STATE OF LOUISIANA, NUMBER 94-6099 DIRECTED TO THE

HONORABLE SUSAN M. CHEHARDY, JUDGE, DIVISION "N"

Louie Schexnayder
#162609
Post Office Box 388
Gretna, LA 70054

**Attorneys for Relator**

Mr. Terry M. Boudreaux
Assistant District Attorney
Fifth Floor - Annex Bldg.
New Gretna Courthouse
Gretna, LA 70053
(504) 368-1020      **Attorneys for Respondent**

WRIT DENIED

On October 10, 1995, the trial
court ruled on relator's Motion
for Appeal.  Accordingly this
writ application is denied as
moot.

Gretna, Louisiana, this 8th
day of December , 1995.

JUDGE EDWARD A. DUFRESNE, JR.
JUDGE CHARLES GRISBAUM, JR.
JUDGE JAMES L. CANNELLA

FOR THE COURT:

_____
JUDGE EDWARD A. DUFRESNE, JR.

A TRUE COPY
DEC 0 8 1995
GRETNA
COURT OF APPEAL, FIFTH CIRCUIT

Application F Writs

No. '95-KH- 844

# COURT OF APPEAL, FIFTH CIRCUIT

## STATE OF LOUISIANA

OCT - 6 1995

*[signature]* Clerk

LOUIE SCHEXNAYDER

VERSUS

SUSAN M. CHEHARDY, JUDGE, 24TH J.D.C.

In Re _____ LOUIS SCHEXNAYDER

Applying for WRIT OF MANDAMUS FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON, STATE OF LOUISIANA, NUMBER 94-6099 DIRECTED TO THE HONORABLE SUSAN M. CHEHARDY

Louie Schexnayder
#162609
Post Office Box 388
Gretna, LA 70053

Mr. Terry M. Boudreaux          Attorneys for Relator
Assistant District Attorney
Fifth Floor - Annex Bldg.
New Gretna Courthouse
Gretna, LA 70053
(504) 368-1020

          Attorneys for Respondent

WRIT DENIED

On September 27, 1995, the trial court ruled on relator's pro se motions. Accordingly this writ application is denied as moot.

Gretna, Louisiana, this ____ day of October, 1995.

JUDGE EDWARD A. DUFRESNE, JR.
JUDGE CHARLES GRISBAUM, JR.
JUDGE JAMES L. CANNELLA

FOR THE COURT:

*[signature]*
JUDGE EDWARD A. DUFRESNE, JR.

A TRUE COPY

OCT 1 8 1995

GRETNA

*[signature]* CLERK

Application for Writs

No. '95-KH- 740

# COURT OF APPEAL, FIFTH CIRCUIT

# STATE OF LOUISIANA

SEP 1 8 1995

_____ Clerk

LOUIE SCHEXNAYDER

VERSUS

TWENTY-FOURTH JUDICIAL DISTRICT COURT

In Re  LOUIE SCHEXNAYDER

Applying for   WRIT OF MANDAMUS DIRECTED TO THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, NUMBER 9406099, HONORABLE SUSAN M. CHEHARDY

Mr. Louis Schexnayder
#162609
Jefferson Parish Correctional Center
P.O. Box 388
Gretna, Louisiana 70053

                              Attorneys for Relator

Mr. Terry M. Boudreaux
Asst. District Attorney
5th Floor - Gretna Courthouse Annex
Gretna, Louisiana 70053
(504) 368-1020
                              Attorneys for Respondent

WRIT DENIED

On September 27, 1995, the trial court ruled on relator's Motion for New Trial. Accordingly this writ application is denied as moot.

Gretna, Louisiana, this 18th day of October, 1995.

JUDGE EDWARD A. DUFRESNE, JR.
JUDGE CHARLES GRISBAUM, JR.
JUDGE JAMES L. CANNELLA

FOR THE COURT:

_____
JUDGE EDWARD A. DUFRESNE, JR.

## A TRUE COPY

GRETNA   OCT 1 8 1995

_____ CLERK
COURT OF APPEAL, FIFTH CIRCUIT

OCT. 13, 2009 5.09PM     MARTENY & ASSOC.  504 834 5437          1509 NO. 1150S  P. 1

May 19, 2007

Dear Judges,

This is a terribly abrupt way to end my relationship with you, the Court and the staff, but this is how it was destined to end, I suspect.

I know all of this comes as a shock to you because you had little idea how messy my personal life was. I did not want my personal life to interfere with my service to the Court — and it did not for the most part. Even now all I will say is that it was difficult to juggle all of the issues — personal and Court-related — but I did the best I could. I tried to maintain my privacy (for example, how many at the Court knew I have a 2-year-old granddaughter?), but in the end, that got in the way.

*Evid. 1*

For more than 10 years I have been the Court's Staff Director. During that time, I have never said no to any assignment the Court or any Judge gave me. That has frequently placed me in harm's way. How many of you have called and asked me to "handle" traffic tickets or to get someone out of jail without bond, or to clean up contempt charges pending against friends? How many of you have told your attorney friends to call me about "Procedural issues" on cases before the Court? Never once have I declined to help someone you sent to me or refused to solve some problem you had!

Above and beyond my regular duties and the extracurricular tasks you gave me, I have ably represented your interests at the Legislature for almost 10 years. Capital outlay, free fund legislation, judges' pay raises — I've done it all. And, since Judges cannot engage in politics

I did that. Under the appellation "Legis-
lative Coordinator," I have lobbied
for you for 10 years. Again, by shielding
you from the prohibition against lobbying
I put myself in harm's way. The Courts'
lobbying efforts in Baton Rouge have
become so flagrant, that the appellate
courts now have a paid lobbyist. In
fact, that lobbyist is a convicted felon.
Each month, I send him a check for
$2,084.00. This money comes from funds
appropriated for the Court budget each
year. In other words, taxpayer dollars
are being used to pay a lobbyist for the
Courts. Again, I have shielded you
from this illegal practice. As long as you
got your pay raises, you were content to
ignore the law.

While my integrity is challenged on
the basis one case, you completely
ignore your own integrity in the

in the handling of pro se criminal writ applications. For probably the past 10 years, not one criminal writ application filed by an inmate pro se has been reviewed by a judge on the Court. I prepared the rulings on each of these writ applications, and they were signed by a judge, without so much as a glance at the application. In fact, two of the judges on the writ panel never even knew the pro se application was filed, much less being aware of the application's contents. When the pro se application arrived in the mail, I opened it, prepared a ruling, and sent it to the Clerk's Office for filing. When the application returned to Central Staff after filing, the ruling was already prepared. It was typed on the application and

and the application was signed by a
Judge without so much as a glance.
The total turnaround time was usually
one or two days. It was obvious that
these pro se criminal writ applications
were not being reviewed because of
the quick turnaround time. Moreover,
although research memos are prepared
for counseled criminal writ applications,
a research memo for a pro se criminal
writ application has not been prepared
for probably 10 years. You were more than
content to let me handle all pro se
writs so you would not have to bother
with them. Also, the large volume of
pro se criminal writ applications inflated
the Court's workload figures - even though
no judge was involved in the handling
of the writ (beyond signing a memo)

OCT. 13.2008   5:00PM        MALLERY & ASSOC    504 834 5409                       NO. 111   P. 6

One other attractive feature of
the pro se writ handling system was
the money it raised for the Clerk's Fee
Fund. For each pro se writ application
in a criminal case, the Court charged
and received a fee of $300.00 from
the parish where the criminal case was
pending. The Clerk's Fee Fund swelled
from the money earned on pro se criminal
writ applications. It seems ironic now
that I earned more money for the Court
than any Judge, and possibly all
Judges combined. But consider this:
Who's integrity is really in question
when you have conveniently ignored
your duty to review pro se criminal
writ applications so you can reduce
your workload, present a false picture
of the Court's workload. I am not

large sums for work you haven't done?

For years I have battled depression, and in the end I guess I have lost that battle. But the facts are the facts, and those matters I have described in this letter will be borne out by investigation. I have carefully chosen my words to give an accurate statement of the facts surrounding the matters discussed in this letter.

While my depression proved to be my undoing, each of you must ask yourselves what role you played in this?

Jerry

CC: Louisiana Judiciary Comm.
The Times-Picayune

20 May. 07.

Tom,

By the time you receive this letter, I
will be dead. I wanted to thank you for
you help over the years and to let you know
that I realize how bad yesterday was for you.
I could see the pain and sincerity in
your face. I appreciate your care and
concern.

I hold no grudge against you. You
were one of the few at the court who never
asked me to do anything personal or
shady for them. My fault, as you yourself

Evid. 2

2

said during our conversation in your office
on Monday, May 14, was that I enjoyed
helping people. I suspect that my
depression had something to do with that,
but now we will never know, will we?

I thought that a leave of absence
for treatment might have been considered
as an option for me, but I guess the Court
is not that enlightened on the destructive
effects of depression and PTSD. I tell you
this because I was not the only one at
the Court who battled depression. Perhaps
the reality of depression will now

hit home at the 5TH Circuit. Please be vigilant, because other Court members, including at least one of my accusers, have suffered or are suffering from depression. It is difficult to predict what event will send these people down the path of self-destruction - like me.

Yesterday you spoke about the importance of protecting the institution of the 5TH Circuit. That resonated with me because for ten years, the institution of the 5TH Circuit called on me to violate the law and protect the institution from

4

the consequences of those violations.
Every pro se criminal writ application
I handled deprived the pro se applicant
of his right to have a three-judge panel
consider whether his application merited
review. The Court was aware of this
and authorized this procedure. Perhaps
now this will get rectified, but what
do you tell the pro se writ applicants from
the past 10 years who have been deprived
of this right?

In closing, I should note too
that the same rule at the 5TH Circuit

is ruthless - as you probably already know. Over my time at the Court, there have been rumors about others that have circulated the halls. It is a shame that happens, but I believe that those running the rumor will see merely projecting their own pain, wounded heart, guilt and shame - and for what?

Again, I bear you no ill will.

I hope you find the peace that has eluded me.

Fondly,

Jury