UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOUIE SCHEXNAYDER, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 99-0093** |
| **N. BURL CAIN, WARDEN** | **SECTION: "B"(5)** |

## REPORT AND RECOMMENDATION

Petitioner, Louie Schexnayder, Jr., has filed a Motion to Set Aside Judgment pursuant to Federal Rule of Civil Procedure 60(b), which was referred to the undersigned for consideration. ECF No. 102. His motion references the 2018 judgment denying him relief on his last 60(b) motion and reopened supplemented habeas petition. ECF No. 92. He alleges that this Court lacked jurisdiction to enter the judgment and that the judgment was otherwise void under Federal Rule of Civil Procedure 60(b)(4).[1] Specifically, he claims that "(1) Louisiana's Constitution Article 1 § 17 and Code of Criminal Procedure article 782 concerning non-unanimous verdicts, a procedural rule, divested the trial court of jurisdiction of the subject matter and of the person, at the time of Petitioner's indictment, conviction and judgment; (2) the judgment is void because the proceedings used to obtain an indictment for second-degree murder were found to be unconstitutional; (3) a 'complete denial' of counsel before trial resulting in a jurisdictional defect; (4) [he] was denied counsel at 'critical stages' of the criminal proceedings divesting the courts of jurisdiction to proceed, and <u>all</u> courts

---

[1] Rule 60(b)(4) states, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reason[ ]: … the judgment is void." Fed. R. Civ. P. 60(b)(4).

1

acted in a manner inconsistent with due process of law; and (5) the judgment is void because this Court's May 16, 2018 judgment gave AEDPA deference to a state court's sham at the adjudicatory stage [referring to *State v. Cordero*, 993 So.2d 203 (La. 2008)]." ECF No. 102 at 6-18.

As an initial matter, this Court must determine whether Schexnayder's motion is a true Rule 60(b) motion or a "second or successive" habeas corpus petition. If the instant motion is a true Rule 60(b), this Court may rule on its merits. *See Ruiz v. Quarterman*, 504 F.3d 523, 526 (5th Cir. 2007). However, if it is merely a veiled successive habeas petition, such that it presents a new claim for relief or new evidence in support of a claim already litigated, asserts a change in the substantive law governing the claim, or attacks the federal court's previous resolution of a claim on the merits," the Court lacks subject matter jurisdiction to consider it. *Id.* at 526 & n. 2. For the following reasons, the undersigned finds that although styled as a Rule 60(b) motion, the motion is, in fact, an improper attempt to file a second or successive § 2254 habeas petition challenging his conviction. As such, the Court is without jurisdiction to proceed until the petitioner is granted authorization to file a second or successive petition.

*Procedural History*[2]

In 1994, a grand jury issued a bill of indictment charging Louie Schexnayder, Jr. and co-perpetrator Dennis Morales with second-degree murder. The first trial with his co-defendant ended in a mistrial. The defendants were then granted a severance and tried

---

[2] This history was adopted from the Report and Recommendation issued on December 11, 2017. ECF No. 85.

again, this time separately. Schexnayder's second jury trial in July 1995 resulted in a guilty verdict. His motion for new trial was denied. On October 5, 1995, he was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.

On direct appeal, Schexnayder raised nine assignments of error, which included: (1) the trial court erred in refusing to allow him to exercise a peremptory challenge during jury selection; (2) the trial court erred in denying his motion to quash that asserted the State deprived him of access to evidence and prejudiced him by impounding and destroying his vehicle; (3) the trial court erred in allowing the State to introduce statements made by co-defendant Morales during a telephone call to Joann Romano; (4) the trial court erred in allowing testimony by state witness Quinton Tobor pertaining to co-defendant Morales; (5) he was deprived of the right to confront and cross-examine state witness Arthur Williams; (6) the trial court erred in restricting his ability to cross-examine Williams about a prior conviction; (7) the trial court erred in denying his objection to the prosecutor's improper remarks during closing argument; (8) the trial court erred in denying his pro se motion for new trial; and (9) ineffective assistance of counsel. The court of appeal affirmed Schexnayder's conviction and sentence. On May 16, 1997, the Louisiana Supreme Court denied his application for a writ of certiorari. On October 6, 1997, his petition for writ of certiorari was denied by the United States Supreme Court. The Supreme Court denied his request for a rehearing.

On or about February 5, 1998, Schexnayder filed an application for post-conviction relief in the state district court. In that application, he asserted 13 issues for review: (1)

3

the state courts violated his constitutional rights by denying him access to his transcripts; (2) the evidence was insufficient to convict him; (3) he was denied effective assistance of counsel on 17 different factual grounds; (4) the trial court erred in denying his motion to suppress the identification; (5) he was denied a pretrial line-up; (6) he was denied the right to testify on his own behalf at trial; (7) the trial court denied his request for self-representation; (8) he was denied his right to effective pretrial counsel when the trial court appointed stand-in counsel to represent him on a motion to dismiss trial counsel; (9) he was denied his right to effective pretrial counsel when the trial court appointed stand-in counsel to represent him on his pro se motion to quash based on conspiracy, double jeopardy and ineffective assistance of counsel; (10) the trial court erred in denying his pro se motion to suppress evidence; (11) the trial court violated his right to conflict-free counsel in denying his request for new counsel; (12) the trial court erred in denying his motion to quash based on conspiracy, double jeopardy and ineffective assistance of counsel following the mistrial; and (13) the trial court erred in denying his motion for new trial based on newly discovered evidence and ineffective assistance of counsel. On April 15, 1998, the state district court summarily denied his application for post-conviction relief. On May 11, 1998, the Louisiana Fifth Circuit summarily denied his related supervisory writ application. On October 30, 1998, the Louisiana Supreme Court denied relief without stated reasons.

In 1999, Schexnayder filed a federal application for habeas relief. His exhausted claims included:

1. There was insufficient evidence to convict him of second-degree murder.

2. The trial court improperly admitted the allegedly suggestive identification

of Schexnayder by Arthur Williams.

3. The trial court improperly admitted Morales' statement to Joanne Romano, Schexnayder's girlfriend, which violated Schexnayder's right to confront witnesses.

4. The trial court improperly admitted the testimony of Mr. Tobor regarding Schexnayder's possession of a knife.

5. The trial court placed unconstitutional restrictions on Schexnayder's cross-examination of the eyewitness to the incident.

6. The trial court should have dismissed the charges because the State failed to preserve his vehicle which would have been used as impeachment evidence.

7. The trial court failed to rule on Schexnayder's motion to proceed pro se.

8. Schexnayder was denied access to the courts because he was not afforded a copy of the transcript and court records to aid in the preparation of his appeal and post-conviction applications.

9. His trial counsel was ineffective in handling his motion to quash, motion to dismiss, motion to suppress, motion for new trial and because he had a conflict of interest, refused to let him testify and failed to ensure his participation in a line-up.

It was also determined, *sua sponte*, upon review by the Magistrate Judge that nine other ineffective-assistance-of-trial-counsel claims raised by Schexnayder were technically procedurally defaulted because he had not presented them specifically to the state's highest court. These included the following:

1. His counsel provided ineffective assistance because he failed to object to the indictment's accuracy.

2. His counsel failed to research the validity of the defendant's prior arrest and convictions so as to advise him of whether he should take the stand during the criminal trial.

3. His counsel failed to subpoena his drug test.

5

    4. His counsel failed to investigate the employer of Arthur Williams.

    5. His counsel failed to subpoena the police vehicle registration to show that he never owned a Cadillac.

    6. His counsel failed to impeach the state's witnesses' credibility.

    7. His counsel failed to object to the lies and misstatements by the prosecution.

    8. His counsel failed to subpoena witnesses.

    9. His counsel erred by making statements regarding his personal opinion during closing argument.

The Magistrate Judge allowed him an opportunity to address the exhaustion issue directly. Schexnayder argued that he had, in fact, exhausted the claims fully by presenting them to all the state courts, including specifically the Louisiana Supreme Court. After considering the evidence submitted, the Magistrate Judge denied relief finding the latter ineffective-assistance claims unexhausted and procedurally defaulted and rejecting the remaining claims on the merits. On April 14, 2000, the District Judge overruled Schexnayder's written objections, adopted the Magistrate Judge's report and recommendation and issued an order and judgment dismissing his application. His requests for a certificate of appealability were denied.

In November 2012, Schexnayder filed a motion for relief from this judgment under Rule 60(b) of the Federal Rules of Civil Procedure. He argued that he was entitled to relief because he had "never received judicial review by the State of Louisiana of his direct appeal or any application for post-conviction relief in well over 18 years at no fault of his own, denying him access to courts, due process and equal protection of law." His argument was premised on the Louisiana Supreme Court's ruling in *State v. Cordero*, 08-1717 (La.

6

10/3/08), 993 So.2d 203.

In *Cordero*, the Louisiana Supreme Court adopted a resolution of the Louisiana Fifth Circuit Court of Appeal requesting that a number of habeas applications denied by the circuit court between February 8, 1994 and May 21, 2007, be remanded. The Louisiana Supreme Court explained that applications denied by the intermediate court during that time-period could be tainted due to an unjust policy that was in effect, which effectively circumvented the requirement that all state habeas petitions be heard before a three-judge panel. Thus, the Louisiana Supreme Court remanded all state habeas petitions that had been denied during the above-referenced time frame to the Louisiana Fifth Circuit for reconsideration. Schexnayder's state writ applications were among those reviewed again under *Cordero*. On February 18, 2011, the Louisiana Fifth Circuit issued a new opinion, once again denying relief on eleven *pro se* writ applications Schexnayder had filed with the circuit court between February 8, 1994 and May 21, 2007. His related supervisory writ application to the Louisiana Supreme Court was denied without additional stated reasons.

This Court denied his Rule 60(b) motion, finding that it was an impermissible successive habeas petition over which the court lacked jurisdiction, rather than a true 60(b) motion for relief. The Court also denied his Rule 59(e) motion to alter or amend the judgment. However, Schexnayder successfully appealed the ruling on his 60(b) motion. After briefing and oral argument, the United States Fifth Circuit Court of Appeals vacated the order denying the Rule 60(b) motion and remanded to the district court for further proceedings. The Fifth Circuit reasoned, "[b]ecause the federal court has not considered constitutional claims related to the decisions of the Louisiana courts after the Louisiana

Supreme Court's judgment in *State v. Cordero*, 993 So.2d 203 (La. 2008), the present motion is not successive, but is a true Rule 60(b) motion entitled to be decided."

Following supplemental briefing, the Senior District Judge issued an Order granting the Rule 60(b) motion under subsection (6), citing the extraordinary circumstances of the *Cordero* decision. The Senior District Judge referred the § 2254 petition to the Magistrate Judge for further proceedings and a report and recommendation in light of the subsequent review by the Louisiana Fifth Circuit and the Louisiana Supreme Court after *Cordero*. Schexnayder was allowed to file a supplemental petition. In his supplemental federal application, he presented several additional grounds for relief. The first he framed as a "*Cordero* issue," in essence arguing that the 2011 reconsidered ruling by the Louisiana Fifth Circuit is invalid and denied him due process because of the inherent judicial bias and inequity in those proceedings. As a result, he sought *de novo* review of all claims for relief, rather than deferential review based upon the state court's "invalid" ruling. He also claimed he was denied a copy of his trial transcript and a meaningful appeal. Finally, he claimed that Jefferson Parish used a discriminatory process for selecting grand jury forepersons, and ineffective assistance of counsel for failing to file a pretrial motion to quash the indictment based on grand jury foreperson discrimination. The matter was reviewed on the merits and dismissed with prejudice by Judgment signed on May 16, 2018. ECF No. 92. The United States Fifth Circuit Court of Appeals denied him a certificate of appealability. ECF No. 99. The court of appeals also denied his motion for reconsideration. ECF No. 100. His application for writ of certiorari to the United States Supreme Court was also denied. ECF No. 101.

Almost four years later, Schexnayder filed the instant motion for relief from judgment with incorporated motion to recuse the United States District Court, Eastern District (citing 28 U.S.C. § 144 and 28 U.S.C. § 455). ECF No. 102. He also filed a motion to appoint counsel and a motion for hearing. ECF No. 103. These motions were referred by the District Judge to the undersigned for consideration. ECF. No. 104. This Court finds that the motion for relief from judgment, which is properly construed as a request for authorization to file a second or successive habeas petition, should be **TRANSFERRED** to the United States Fifth Circuit for consideration, and the motion to appoint counsel and for a hearing **DENIED AS PREMATURE AND MOOT** at this time subject to reconsideration if authorization to proceed is granted.

*Analysis*

Federal Rule of Civil Procedure 60(b) allows a petitioner in a habeas case to attack "some defect in the integrity of the federal habeas proceedings." However, Rule 60(b) cannot be used to evade the second or successive habeas bar contained in 28 U.S.C. § 2255(h) and 28 U.S.C. § 2244(b). *Gonzales v. Crosby*, 545 U.S. 524, 532 (2008); *Storey v. Lumpkin*, 8 F.4th 382, 389 (5th Cir. 2021) (citing *Gonzalez*, 545 U.S. at 532). As the United States Fifth Circuit has recognized, "the Supreme Court has provided clear guidance on how courts should separate proper Rule 60(b) motions from disguised attempts to file successive habeas petitions":

> In *Gonzalez v. Crosby*, the Supreme Court distinguished between a subsequent habeas petition and a Rule 60(b) motion along the lines of substance and procedure. A motion is substantive—and thus a successive habeas petition— if it "seeks to add a new ground for relief," or if it "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred

9

> in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." If, however, the motion challenges "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," then a Rule 60(b) motion is proper.
>
> *In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014) (quoting *Gonzalez*, 545 U.S. at 532, 125 S.Ct. 2641).
>
> Following this guidance, this court has specified that "there are two circumstances in which a district court may properly consider a Rule 60(b) motion in a § 2254 proceeding: (1) the motion attacks a 'defect in the integrity of the federal habeas proceeding,' or (2) the motion attacks a procedural ruling which precluded a merits determination." *Gilkers v. Vannoy*, 904 F.3d 336, 344 (5th Cir. 2018) (citing *Gonzalez*, 545 U.S. at 532 & n.4, 125 S.Ct. 2641). A motion that "attacks a procedural ruling," *id.*, must attack a procedural ruling of the federal habeas court itself. *See Balentine v. Thaler*, 626 F.3d 842, 846 (5th Cir. 2010) (explaining that a Rule 60(b) motion is properly used to "raise [ ] procedural error in [a] previous federal court ruling" (emphasis added)); *Gonzalez*, 545 U.S. at 532 & n. 4, 125 S.Ct. 2641. In other words, a Rule 60(b) motion in a § 2254 proceeding is proper when it attacks "[p]rocedural defects" that occur in a federal habeas proceeding. *See In re Coleman*, 768 F.3d at 371.

*Storey*, 8 F.4th at 388-89.

Schexnayder essentially disagrees with the Court's findings and decision to deny habeas relief and either disputes the grounds for denying relief or attempts to assert new grounds for habeas relief, neither of which is permissible under Rule 60(b). Here, Schexnayder is not using Fed. R. Civ. P. 60(b) to challenge a defect in the integrity of his federal habeas proceedings. Instead, he uses this motion to again attack his state-court conviction and sentence and the substance of this Court's resolution of his previous claims on the merits. Although Schexnayder styles this newest pleading as a motion for relief under Rule 60(b), this Court finds that the motion is essentially a veiled successive § 2254

10

habeas petition. Thus, properly construed, the instant motion is considered a second or successive Section 2254 petition.

To overcome the prohibition against the filing of a second or successive claim, the petitioner must establish one of the following exceptions:

1)  the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2)  (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B). Before the petition can be considered on the merits by this Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a *prima facie* showing of the above-listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed.

### RECOMMENDATION

For the foregoing reasons, it is recommended that the Motion to Set Aside Judgment (ECF No. 102) with incorporated motion for recusal be construed as a second or successive § 2254 petition, in part seeking authorization for the District Court to consider the second or successive claims raised therein, and that the petition be **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631, for that Court to

determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

It is further recommended that the Motion to Appoint Counsel and Motion for Hearing (ECF No. 103), in light of the above recommendation for transfer, be denied as **PREMATURE AND MOOT** at this time.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[3]

New Orleans, Louisiana, this __21st__ day of __August__, 2023.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[3] *Douglass* referenced the previously applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to 14 days.

12